UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
EDWARD JONES,

                Plaintiff,                08-CV-4006 (GEL)

   -against-

THE CITY OF NEW YORK AND SEVERAL      **COMPLAINT AND JURY DEMAND**
UNIDENTIFIED POLICE OFFICERS,

                Defendants.           **ECF CASE**
------------------------------------------------------------------X

      Plaintiff EDWARD JONES by his attorneys, TRACIE A. SUNDACK & ASSOCIATES, L.L.C., complaining of Defendants THE CITY OF NEW YORK and SEVERAL UNIDENTIFIED POLICE OFFICERS respectfully alleges as follows:

## PRELIMINARY STATEMENT

      1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff also asserts supplemental state law tort claims.

## JURISDICTION

      2. This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, and the First, Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

      3. Jurisdiction is founded under 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

      4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

      5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff EDWARD JONES is a black male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the General Municipal Law of the State of New York.

8. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, including police officers thereof, a duly authorized police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction, control and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. That at all times hereinafter mentioned, Defendants SEVERAL UNIDENTIFIED POLICE OFFICERS were employed by Defendant THE CITY OF NEW YORK as police officers.

10. That at all times hereinafter mentioned, Defendants SEVERAL UNIDENTIFIED POLICE OFFICERS acted within the scope of their employment for Defendant THE CITY OF NEW YORK.

11. That at all times hereinafter mentioned, Defendants SEVERAL UNIDENTIFIED POLICE OFFICERS were acting under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the County, City, and State of New York, and under the authority of their office as police officers for said county, city and state.

## FACTS

12. That on February 21, 2007, at approximately 9:30 p.m., Plaintiff EDWARD JONES was lawfully present on the corner of East 32th Street and Madison Avenue in the County, City and State of New York.

13. That, at the aforementioned time and place, Plaintiff EDWARD JONES was stopped and suddenly accosted by members of the New York City Police Department including, but not

limited to, Defendants SEVERAL UNIDENTIFIED POLICE OFFICERS.

14. That, at the aforementioned time and place, Defendants SEVERAL UNIDENTIFIED POLICE OFFICERS assaulted Plaintiff EDWARD JONES, handcuffed him and placed him under arrest.

15. That, at the aforementioned time and place, Defendants SEVERAL UNIDENTIFIED POLICE OFFICERS, repeatedly struck Plaintiff EDWARD JONES in the arms, hands, torso, and legs and threw Plaintiff EDWARD JONES to the ground.

16. That, as a result of this unprovoked assault, Plaintiff EDWARD JONES sustained injuries to, *inter alia*, his arms, hands, torso and legs.

17. As a result of the foregoing, Plaintiff EDWARD JONES sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

18. Plaintiff EDWARD JONES repeats, reiterates, and realleges each and every paragraph of this complaint and further alleges:

19. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

20. All of the aforementioned acts deprived plaintiff EDWARD JONES of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983.

**SECOND CLAIM FOR RELIEF**
**EXCESSIVE FORCE UNDER 42 U.S.C. § 1983**

21. Plaintiff EDWARD JONES repeats, reiterates, and realleges each and every paragraph of this complaint and further alleges:

22. The level of force employed by the Defendants was objectively unreasonable and in violation of Plaintiff EDWARD JONES's constitutional rights.

23. As a result of the aforementioned conduct of Defendants, Plaintiff EDWARD JONES was subjected to excessive force and sustained physical injuries.

### THIRD CLAIM FOR RELIEF
### FAILURE TO INTERVENE

24. Plaintiff EDWARD JONES repeats, reiterates, and realleges each and every paragraph of this complaint and further alleges:

25. Each and every individual Defendant had an affirmative duty to intervene on Plaintiff EDWARD JONES's behalf to prevent the violation of his constitutional rights and failed to so intervene despite having had a realistic opportunity to do so.

26. As a result of the aforementioned conduct of the individual Defendants, Plaintiff EDWARD JONES's constitutional rights were violated and he was subjected to excessive force and sustained physical injuries.

### FOURTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

27. Plaintiff EDWARD JONES repeats, reiterates, and realleges each and every paragraph of this complaint and further alleges:

28. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

29. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to: using excessive force on individuals who have already been handcuffed; using force in an unreasonable, unnecessary, and unjustified manner; and using force with the purpose and intent of maliciously and sadistically punishing individuals in their custody.

30. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well- being and constitutional rights of Plaintiff EDWARD JONES.

31. The foregoing customs, policies, usages, practices, procedures and rules of the City of

New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff EDWARD JONES as alleged herein.

32. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiff EDWARD JONES as alleged herein.

33. Defendants, collectively and individually, while acting under the color of state law, were directly and actively involved in violating Plaintiff EDWARD JONES's constitutional rights.

34. All of the foregoing acts by defendants deprived Plaintiff EDWARD JONES of federally protected rights including, but not limited to, the right:

   A. Not to be deprived of liberty without due process;

   B. Not to have excessive force imposed upon him;

   C. To be free from unlawful search;

   D. To receive equal protection under the law.

35. As a result of the foregoing, Plaintiff EDWARD JONES is entitled to compensatory damages in the sum of Five Hundred Thousand Dollars ($500,000.00) and is further entitled to punitive damages against the individual defendants in the sum of One Million Dollars ($1,000,000.00)

## PENDANT STATE CLAIMS

36. Plaintiff EDWARD JONES repeats, reiterates and realleges each and every paragraph of this complaint and further alleges:

37. That on or about April 3, 2007, within 90 days of the happening of the incident, but more than 30 days prior to the commencement of this action, Plaintiff EDWARD JONES duly presented, served, and filed a Notice of Claim, in writing, upon Comptroller of Defendant THE CITY OF NEW YORK, setting forth the name and post office address of claimant and their attorneys; the nature of the claim, the time when, the place where, and the manner in which the claim arose.

38. That more than 30 days have elapsed since service of said Notices of Claim and payment or adjustment thereof has been neglected or refused on behalf of Defendants SEVERAL UNIDENTIFIED POLICE OFFICERS.

39. Upon information and belief, Defendant THE CITY OF NEW YORK has waived its right to a municipal hearing regarding the claims of Plaintiff EDWARD JONES.

40. This action is commenced within one year and ninety days after the cause of action arose.

**FIRST CLAIM FOR RELIEF FOR ASSAULT
UNDER NEW YORK STATE LAW**

41. Plaintiff EDWARD JONES repeats, reiterates and realleges each and every paragraph of this complaint and further alleges:

42. That on or about February 21, 2007, at approximately 9:30 p.m., Plaintiff EDWARD JONES was lawfully present on the corner of 32nd Street and Madison Avenue in the County, City and State of New York, when he was physically attacked and assaulted by Defendant THE CITY OF NEW YORK, through its agents, servants and/or employees, including but not limited to, Defendants SEVERAL UNIDENTIFIED POLICE OFFICERS.

43. Defendants' aforementioned actions placed Plaintiff EDWARD JONES in apprehension of imminent harmful and offensive bodily contact.

44. As a result of Defendants' conduct, Plaintiff EDWARD JONES has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

**SECOND CLAIM FOR RELIEF FOR NEGLIGENT HIRING AND RETENTION
UNDER NEW YORK STATE LAW**

45. Plaintiff EDWARD JONES repeats, reiterates, and realleges each and every paragraph of this complaint and further alleges:

46. That Defendant THE CITY OF NEW YORK was careless and reckless in hiring and retaining as and for its employees SEVERAL UNIDENTIFIED POLICE OFFICERS, in that said defendant employees lacked the experience, deportment and ability to be employed by Defendant THE CITY OF NEW YORK; in that Defendant THE CITY OF NEW YORK failed to exercise

due care and caution in its hiring practices, and in particular, in hiring the defendant employees who lacked the mental capacity and the ability to function as employees of Defendant THE CITY OF NEW YORK; in that the defendant employees lacked the maturity, sensibility and intelligence to be employed by Defendant THE CITY OF NEW YORK; in that Defendant THE CITY OF NEW YORK knew of the lack of ability, experience, deportment and maturity of said defendant employees when they hired them to be employees; and, in that Defendant THE CITY OF NEW YORK, its agents, servants and/or employees were otherwise careless, negligent and reckless.

47. Defendant THE CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the Defendants SEVERAL UNIDENTIFIED POLICE OFFICERS, to engage in the wrongful conduct heretofore alleged in this Complaint.

### THIRD CLAIM FOR RELIEF FOR NEGLIGENT TRAINING AND SUPERVISION UNDER NEW YORK STATE LAW

48. Plaintiff EDWARD JONES repeats, reiterates, and realleges each and every paragraph of this complaint and further alleges:

49. The failure of Defendant THE CITY OF NEW YORK to adequately train, supervise, discipline or in any way control the behavior of Defendants SEVERAL UNIDENTIFIED POLICE OFFICERS, in the exercise of their employment functions, and their failure to enforce the laws of the State of New York and the regulations of Defendant THE CITY OF NEW YORK is evidence of the reckless lack of cautious regard for the rights of the public including Plaintiff EDWARD JONES.  Further, the Defendants exhibited a lack of that degree of due care which prudent and reasonable individuals would show.

50. The failure of Defendant, THE CITY OF NEW YORK, to train, supervise, discipline or in any other way control Defendants SEVERAL UNIDENTIFIED POLICE OFFICERS, in the exercise of their employment functions and their failure to enforce the laws of the State of New York and the regulations of Defendant THE CITY OF NEW YORK, was carried out willfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizens of New York, including

Plaintiff EDWARD JONES.

51. As a result of the foregoing, Plaintiff EDWARD JONES is entitled to compensatory damages in the sum of Five Hundred Thousand Dollars ($500,000.00) and is further entitled to punitive damages against the individual defendants in the sum of One Million Dollars ($1,000,000.00)

**WHEREFORE** Plaintiff EDWARD JONES demands judgment against Defendants THE CITY OF NEW YORK and  SEVERAL UNIDENTIFIED POLICE OFFICERS, jointly and severally, in the amount of Five Hundred Thousand Dollars ($500,000.00) in compensatory damages and One Million Dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs and disbursements of this action.

Dated: White Plains, New York
April 23, 2008

TRACIE A. SUNDACK & ASSOCIATES, L.L.C.
By: Tracie A. Sundack (TS-7778)
Attorneys for Plaintiff
EDWARD JONES
19 Court Street, 3rd Floor
White Plains, New York 10601
(914) 946-8100