UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

EDWARD JONES,

                            Plaintiff,

-against-

THE CITY OF NEW YORK AND SEVERAL
UNIDENTIFIED OFFICERS,

                            Defendants.

**ANSWER**

**08 CV 4006 (GEL)**

**JURY TRIAL DEMANDED**

------------------------------------------------------------------- x

        Defendant City of New York by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

        2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        3. Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to base venue as stated therein.

        5. Paragraph "5" of the complaint, does not set forth an averment for which a response is required.

        6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that the City of New York is a municipal corporation and respectfully refers the Court to the New York City Charter and the Administrative Code.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that defendant City maintains a police department and respectfully refers the Court to the New York State Charter.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint, except admits that plaintiff was arrested on February 21, 2007.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. In response to the allegations set forth in paragraph "18" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. In response to the allegations set forth in paragraph "21" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. In response to the allegations set forth in paragraph "24" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. In response to the allegations set forth in paragraph "27" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. Denies the allegations set forth in paragraph "28" of the complaint, including subparts each subpart thereto.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

37. Denies the allegations set forth in paragraph "37" of the complaint, except admit that a document purporting to be a Notice of Claim was received on April 17, 2007.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. Denies the allegations set forth in paragraph "40" of the complaint, except admits that plaintiff filed a complaint on or about April 28, 2008.

41. In response to the allegations set forth in paragraph "41" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. In response to the allegations set forth in paragraph "45" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

46. Paragraph "46" of the complaint is not a complete allegation and thus defendant cannot respond thereto.[1]

47. Denies the allegations set forth in paragraph "51" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

48. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

49. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

50. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, and was not the proximate result of any act of defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

51. At all times relevant to the acts alleged in the complaint, defendant acted reasonably in the proper and lawful exercise of its discretion.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

52. There was probable cause for the plaintiff's arrest, detention, and prosecution.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

53. Plaintiff's claims may be barred, in whole or in part, because he may have failed to comply with conditions precedent to suit.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

54. Plaintiff cannot obtain punitive damages as against the City of New York.

---

[1] The complaint is defective in that it is missing a complete paragraph 46 and paragraphs 47-50.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

55. At all times relevant to the acts alleged in the complaint, defendant City, its agents and officials, acted reasonably, properly, lawfully and in good faith in the exercise of their discretion. Consequently, defendant City of New York is entitled to governmental immunity.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

56. The Court lacks personal jurisdiction over defendant City.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

57. The complaint served upon defendant City is defective.

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         August 1, 2008

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              *Attorney for Defendant City of New York*
                              100 Church Street, Room 3-163
                              New York, New York 10007
                              (212) 788-8343

                              By: _____
                                  Baree N. Fett (BF 9416)
                                  Assistant Corporation Counsel


TO:   Tracie Ann Sundack, Esq. (by ECF)
      *Attorney for Plaintiff*

08 CV 4006 (GEL)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD JONES,

                              Plaintiff,

-against-

THE CITY OF NEW YORK AND SEVERAL UNIDENTIFIED POLICE OFFICERS,

                              Defendants.

## ANSWER

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street Rm 3-163*
*New York, New York 10007*

*Of Counsel: Baree N. Fett*
*Tel: (212) 788-8343*
*NYCLIS No. 2008018549*

*Due and timely service is hereby admitted.*

*New York, N.Y. .........................., 2008 . . .*

*................................................................ Esq.*

*Attorney for ................................................*

-7-